IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) No. 3:18-CR-158-KAC-DCP |
| MARY PARHAM, ET AL., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On August 12, 2021, the parties appeared telephonically for a motion hearing on Defendant Keanna Moorehead's Motion to Continue Trial Date and Extend Other Deadlines [Doc. 396], filed on August 9, 2021. Assistant United States Attorneys Frank M. Dale, Jr., and Jennifer Kolman appeared by telephone on behalf of the Government. The following defense counsel appeared telephonically on behalf of their clients: Attorney Christopher Rodgers for Defendant Mary Parham; Attorney Jonathan S. Wood for Defendant Antonio Williams; Attorney Richard L. Gaines for Defendant Katrina Eckhardt; Attorney Ruth Thompson Ellis for Defendant Anthony Stokes; Attorney James H. Varner, Jr., for Defendant Antoine Holloway; Attorney Randall E. Reagan for Defendant Keanna Moorehead; Attorney Norman D. McKellar for Defendant Marilyn Stubblefield; Attorney Kimberly A. Parton for Defendant James Wesley Williams; and Attorney Forrest L. Wallace for Defendant Haley Spires. All Defendants were excused from the hearing.

Defendant Moorehead asks the Court to continue the August 31, 2021 trial date and all other deadlines in this case to give newly substituted counsel time to review the discovery and file from prior counsel, to investigate the case, to determine what pretrial motions are necessary, to confer with Defendant, and to prepare for trial. At the August 12 hearing, Mr. Reagan stated that he was recently substituted as counsel for Defendant Moorehead, due to prior counsel's health issues. He stated that he has received the file from prior counsel and is in the process of reviewing it to make sure he has everything. Mr. Reagan said due to his recent appointment he needs time to prepare. The Court noted that the motion deadline in this case has long expired and directed Mr. Reagan to file a motion for leave to file pretrial motions beyond the deadline, if he determines that a pretrial motion is necessary. Mr. Reagan agreed he could file a motion for leave, if appropriate, by August 27, 2021.

Counsel for Defendants Antonio Williams, Holloway, James Williams, and Spires stated that their clients had no objection to the requested continuance. Counsel for Defendants Parham, Eckhardt, Stokes, and Stubblefield took no position on the motion. AUSA Dale said this case involves quite a bit of discovery and that it is understandable that Mr. Reagan needs additional time to prepare. He said the Government does not oppose resetting the trial date and other deadlines. The parties agreed on a new trial date of January 11, 2022.

The Court finds Defendant Moorehead's motion to continue the trial and schedule is unopposed by the Government and the remaining codefendants and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court substituted Attorney Reagan as counsel of record for Defendant Moorehead on August 3, 2021 [Doc. 394]. The Court finds that additional time is necessary for Mr. Reagan to review the discovery, complete

his investigation, locate and interview witnesses, confer with the Defendant, and prepare this case for trial. Moreover, the Court observes based on a recent extension of the plea deadline [Doc. 395] as to all Defendants, that the Defendants are in need of more time to explore plea negotiations. If negotiations are not fruitful, defense counsel will need time to prepare for trial. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 396**] is **GRANTED**. The trial of this case is reset to **January 11, 2022**. The Court finds that all the time between the filing of the motion on August 9, 2021, and the new trial date of January 11, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Keanna Moorehead's Motion to Continue Trial Date and Extend Other Deadlines [**Doc. 396**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 11, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **August 9, 2021**, and the new trial date of **January 11, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Moorehead may file a motion for leave to file pretrial motions beyond the motion deadline, with a copy of the desired motion or motions attached, on or before **August 27, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 13, 2021**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **December 14, 2021, at 10:30 a.m.**;

(7) The deadline for filing motions *in limine* is extended to **December 20, 2021**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **December 30, 2021**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge