IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-158-KAC-DCP |
| | ) | |
| MARY PARHAM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On December 14, 2021, the parties appeared telephonically for a scheduled pretrial conference and motion hearing on three motions to extend the plea deadline, filed by Defendants James Wesley Williams [Doc. 438], Antoine Holloway [Doc. 439], and Keanna Moorehead [Doc. 440]. Assistant United States Attorney Frank M. Dale, Jr., appeared by telephone on behalf of the Government. The following defense counsel appeared telephonically on behalf of their clients: Attorney Christopher Rodgers for Defendant Mary Parham; Attorney Jonathan S. Wood for Defendant Antonio Williams; Attorney Richard Lee Gaines for Defendant Katrina Eckhardt; Attorney Ruth Thompson Ellis for Defendant Anthony Stokes; Attorney James H. Varner, Jr., for Defendant Antoine Holloway; Attorney Randall E. Reagan for Defendant Keanna Moorehead; Attorney Norman D. McKellar for Defendant Marilyn Stubblefield; Attorney Kimberly A. Parton for Defendant James Wesley Williams; and Attorney Forrest L. Wallace for Defendant Haley Spires. All Defendants were excused from the hearing.

Defendants James Williams and Antoine Holloway ask the Court to continue the December 13, 2021 plea deadline. Defendant Williams [Doc. 438] asks for a two-week extension to permit counsel to confer with Defendant, who is detained in California on state charges, regarding the effect of an unexpected plea agreement in Defendant's federal case in California on plea negotiations in the instant case. Defendant Holloway [Doc. 439] asks the Court to extend the plea deadline to December 30, 2021, to complete plea negotiations. Defendant Moorehead joins [Doc. 440] in Defendant Holloway's motion.

At the December 14 hearing, Ms. Parton made an oral motion to continue the January 11 trial date. She said Defendant James Williams faces federal charges here and in California. She has been negotiating a global plea agreement to cover both federal cases; however, an unexpected guilty plea in the California case has put the parties back at square one. Also, Ms. Parton related that she has only spoken with Defendant one time since his recent arrest in California on state charges. She said the difference in time zones will continue to make communications difficult. Moreover, Defendant Williams, who has a sentencing hearing in California in January, cannot be transported to this district in time for his January 11 trial date.

Mr. Varner stated that the Government recently provided new information that has affected plea negotiations. He said he did not object to a continuance of the trial date to allow continued plea negotiations. Mr. Reagan said Defendant Moorehead joins in the oral motion to continue the trial date. He said in addition to needing more time for plea negotiations, he was substituted as Defendant Moorehead's counsel on August 12, 2021, and needs more time for trial preparations. Mr. Reagan noted that Defendant Moorehead lives in Memphis, Tennessee, which makes communicating with his client more difficult. Counsel for Defendants Parham, Antonio Williams, Eckhardt, Stubblefield, and Spires did not object to a trial continuance. Mr. Rodgers

requested a new trial date in mid-May 2022, due to conflicts in his schedule. Ms. Ellis stated that Defendant Stokes takes no position on the trial continuance.

AUSA Dale said the Government also does not object to the oral motion to continue the trial date. He agreed that a trial continuance is necessary to allow the parties to conclude plea negotiations. Mr. Dale expects that most Defendants will resolve their case with a plea agreement, leaving a small group of Defendants, if any, to proceed to trial. Mr. Dale stated that a May trial date works well for the Government, because he and co-counsel have a complicated trial in April.

The Court finds Defendant James Williams's oral motion to continue the trial is joined by Defendant Moorehead, unopposed by the Government and the remaining codefendants, and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the parties need additional time to engage in plea negotiations. In this regard, the Court finds that counsel for Defendant James Williams needs time to confer with her client, who is detained in California. The Court also finds that a plea agreement in Defendant James Williams's federal case in California has affected ongoing plea negotiations in this district. The Court finds that if plea negotiations are not fruitful, defense counsel will need time to prepare for trial. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The oral motion to continue the trial and the motions to extend the plea deadline [**Docs. 438, 439, & 440**] are **GRANTED**. The trial of this case is reset to **May 17, 2022**. The Court finds that all the time between the filing of Defendant James Williams's motion to extend the

3

plea deadline on December 9, 2021, and the new trial date of May 17, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant James Williams's oral motion to continue the trial, which is joined by Defendant Keanna Moorehead, is **GRANTED**. The motions to extend the plea deadline [**Docs. 438, 439, & 440**] are also **GRANTED**;

(2) The trial of this matter is reset to commence on **May 17, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **December 9, 2021**, and the new trial date of **May 17, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record is extended to **March 17, 2022**;

(5) The deadline for filing motions *in limine* is extended to **May 2, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **May 3, 2022, at 10:00 a.m.** This date is also the deadline for Defendants to provide reciprocal discovery; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 6, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge